IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEONEL VELANDRIA BASTARDO,

      Petitioner,

v.                                  No. 1:26-cv-000470-DHU-KK

GEORGE DEDOS, Warden of Torrance
County Detention Center; DIRECTOR OF
ENFORCEMENT AND REMOVAL NEW MEXICO
FIELD OFFICE; TODD LYONS, Acting Director of
U.S. Immigration and Customs Enforcement; KRISTI
NOEM, Secretary of the U.S. Department of Homeland
Security; and PAMELA BONDI, Attorney General of
the United States; in their official capacities,

      Respondents.

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Leonel Velandria Bastardo's Petition for Writ of Habeas Corpus ("Habeas Petition"). Doc. 5. Petitioner alleges that Respondents have unlawfully detained him without a bond hearing, in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 39-45.[1] He asks this Court to order Respondents to release him, or, in the alternative, set bond. *Id.* at 12. Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

---

[1] Petitioner also argues that Respondents have violated the Administrative Procedure Act ("APA"). *Id.* ¶¶ 46-49. However, because the Court grants Petitioner's Habeas Petition on his Due Process and INA claims, the Court "decline[s] to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

1

## I.
## BACKGROUND

1. Petitioner is a native and citizen of Venezuela who entered the United States without inspection on April 15, 2022. *Id.* ¶ 17; Doc. 15-1 at 2. Since his entry, Petitioner has accrued no criminal history. Doc. 5 ¶ 17.

2. That same day, Petitioner was detained by immigration officials. Doc. 15-1 at 2.

3. Petitioner was placed in removal proceedings and issued a Notice to Appear. Doc. 15-2. His Notice to Appear charged him as a noncitizen present in the United States who had not been admitted or paroled. *Id.* at 1.

4. Also, on that same day, Petitioner was released on some type of parole. Doc. 15-1 at 2.

5. Later, from August 20, 2024, to April 2, 2025, Petitioner had Temporary Protected Status ("TPS"). *Id.*

6. On or about September 8, 2025, Petitioner filed a re-registration application for TPS with U.S. Citizenship & Immigration Services ("USCIS"). *Id.*

7. On or about November 20, 2025, USCIS terminated Petitioner's re-registration application. *Id.*

8. On December 20, 2025, Petitioner encountered Immigration and Customs Enforcement ("ICE") during a vehicle stop in Abilene, Texas, and was detained. Doc. 15-1 at 2.

9. Petitioner was eventually transferred to the Torrance County Detention Facility in Estancia, New Mexico, where he remains detained. Doc. 5 ¶ 19.

10. On March 6, 2026, Petitioner had his Individual Hearing at the Otero Immigration Court. Doc. 15-5 at 1-2. The IJ entered an Order of Removal. *Id.* at 1. Petitioner timely appealed

the Order of Removal with the Board of Immigration Appeals ("BIA"), and his appeal remains pending. Doc. 17 at 3.

On February 18, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition"). Doc. 5. In his Petition, Petitioner alleges that his detention is governed by 8 U.S.C. § 1226(a) and that he is, therefore, eligible for bond. *Id.* ¶¶ 42-45. Petitioner further argues that his continued detention without being eligible for bond violates his due process rights. *Id.* ¶¶ 39-41. He asks this Court to: 1) assume jurisdiction over this matter; 2) issue an Order to Show Cause; 3) declare that his detention violates, in relevant part, § 1226 and/or the Due Process Clause; 4) issue a Writ of Habeas Corpus ordering Respondents to immediately release him, or, in the alternative, set bond; 5) enjoin Respondents from removing, transferring, or otherwise facilitating his removal from Torrance before any bond hearing; 6) prohibit the Department of Homeland Security ("DHS") from staying any bond; 7) award him attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and 8) grant any further relief that this Court deems just and proper. *Id.* at 11-12.

On February 27, 2026, this Court issued an Order to Show Cause, requiring Respondents to respond to the Habeas Petition within ten (10) business days. Doc.12.

On March 12, 2026, Respondents filed their response to the Habeas Petition. Doc. 15. In their response, Respondents acknowledge that Petitioner is subject to the detention provisions of §§ 1225 or 1226. *Id.* at 2-3. Respondents' position is that Petitioner is subject to mandatory detention under § 1225(b) based on the plain language of the statute. *Id.* at 3. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026). *Id.* at 3-4. Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's

decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* at 4. They further concede that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026). *Id.* at 4 n. 3.

On April 6, 2026, Petitioner submitted a reply. Doc. 17. In his reply, Petitioner reiterates his argument that his detention is governed by § 1226. *Id.* at 2-8.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that his prolonged detention without a meaningful bond hearing violates the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, this Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman v. Castro*, 816 F.Supp.3d 1267 (D.N.M. 2026).; *see also Velasquez Salazar v. Dedos*, 806 F.Supp.3d 1231 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS,

2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 -DHU-KK (D.N.M. Feb.3, 2026); *Garcia Sanchez v. Noem*,  No. 2:25-cv-01293-DHU-SCY (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125-DHU-JFR (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175-DHU-LF (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[2]  Petitioner, who entered the United States over four years ago, is properly detained pursuant to § 1226 and, therefore, entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his due process rights. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, 816 F.Supp.3d 1267.

---

[2] The Court notes that the Second, Sixth and Eleventh Circuit Court of Appeals have analyzed this issue and reached the same conclusion. *See Barbosa da Cunha v. Freden*, -- F.4th--, 2026 WL 1146044 (2nd Cir. 2026); *Lopez-Campos v. Raycraft*, --F.4th--, 2026 WL 1283891 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, -- F.4th--, 2026 WL 1243395 (11th Cir. 2026). The Court also acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals has not yet addressed the issue.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus (Doc. 5) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Wednesday, June 3, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based on a lack of jurisdiction under the BIA's decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Thursday, June 4, 2026, confirming whether a bond hearing was held and the result of said hearing.

As for Petitioner's request to recover costs of suit and attorney fees, Petitioner may submit an application for such fees and costs within thirty (30) days of this Order pursuant to the EAJA, 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

6